**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RANDY ELLIS DRUMM,

    Petitioner,                             Civil No. 05-CV-40037-FL
                                               HONORABLE PAUL V. GADOLA
v.                                         UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS</u>**

      Randy Ellis Drumm, ("petitioner"), presently confined at Camp Kitwen in Painesdale, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* petitioner challenges his conviction and sentence on one count of solicitation to commit murder, M.C.L. § 750.157b. For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED**.

**I. Background**

      On June 25, 2001, petitioner pleaded guilty to the above charge in the Gratiot County Circuit Court and to the possession of Vicodin in an unrelated criminal case. In exchange for petitioner's plea of guilty, the parties entered into a sentencing agreement calling for petitioner to receive nine to twenty years in prison on the solicitation to commit murder charge. The prosecutor also agreed that petitioner would not be charged with a second count of solicitation to commit murder arising from an earlier incident in Montcalm

County. Petitioner agreed to provide information to the authorities regarding his crimes and petitioner further agreed to relinquish his medical license.

On August 13, 2001, petitioner was sentenced to nine to twenty years in prison on the solicitation to commit murder charge.

Lynn Pargo was appointed to represent petitioner on appeal. On August 12, 2002, Ms. Pargo filed a motion to vacate his sentence agreement based upon the inaccurate scoring of the sentencing guidelines in the Gratiot County Circuit Court.

In October of 2002, Joan Ellerbusch Morgan was retained by petitioner's family to represent him on appeal. Ms. Pargo withdrew as appellate counsel and Ms. Morgan substituted in as appellate counsel. In November of 2002, Ms. Morgan filed a supplemental motion, in which she also moved to vacate petitioner's sentence based on the inaccurate scoring of the sentencing guidelines. Morgan subsequently filed a motion to disqualify the judge, on the ground that he was acquainted with members of the victim's family. Oral arguments were conducted on the motions in the trial court on January 27, 2003, with Ms. Morgan present for petitioner. The trial court denied the motion for disqualification that day, but took the other motion under advisement. On February 25, 2003, the trial court denied the motions to vacate plea and sentencing agreement. *See People v. Drumm,* No. 01-4175-FC (Gratiot County Cir. Ct., Feb. 25, 2003).

On April 24, 2003, Ms. Morgan filed a delayed application for leave to appeal the trial court's decision. On June 2, 2003, the Michigan Court of Appeals dismissed petitioner's appeal as being untimely filed, because petitioner failed to file the application for leave to

appeal within the time period required by M.C.R. 7.205(F)(3). The Michigan Court of Appeals further found that the exceptions found in M.C.R. 7.205(F)(4) for the deadline for filing an appeal were inapplicable, in light of the fact that counsel had failed to file the application for leave to appeal within 21 days of the entry of the February 25, 2003 order. *People v. Drumm,* No. 248110 (Mich. Ct. App. June 2, 2003).

On October 30, 2003, petitioner filed a *pro se* motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* In this motion, petitioner claimed that appellate counsel had been ineffective for failing to file a timely application for leave to appeal to the Michigan Court of Appeals. The trial court denied the motion. *See People v. Drumm,* No. 01-4175-FC (Gratiot County Cir. Ct., Dec. 5, 2003) (recon. denied, Dec. 19, 2003). Petitioner then filed a *pro se* application for leave to appeal the denial of his post-conviction motion to the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for leave to appeal "for lack of merits in the grounds presented." *See People v. Drumm,* No. 253672 (Mich. Ct. App. June 4, 2004). Petitioner then filed a *pro se* application for leave to appeal to the Michigan Supreme Court, which was denied pursuant to M.C.R. 6.508(D). *People v. Drumm,* 471 Mich. 948; 690 N.W. 2d 107 (2004).

Petitioner now seeks a writ of habeas corpus on the ground that he was denied his constitutional right to competent representation.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

> to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

Petitioner contends that he was deprived of the effective assistance of appellate counsel.

As part of his answer, respondent contends that the petition for writ of habeas corpus should be dismissed as being untimely because it was not filed in compliance with the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations found

in 28 U.S.C. § 2244(d)(1). Respondent claims that petitioner's conviction became final, for commencing the statute of limitations pursuant to § 2244(d)(1)(A), on August 13, 2002, one year after petitioner's sentencing, because petitioner's application for leave to appeal was rejected as being untimely filed. Because petitioner did not file his post-conviction motion until over one year later, respondent argues that the instant petition is untimely. Petitioner, on the other hand, argues that the one year limitations period would not commence to run, pursuant to § 2244(d)(1)(D), until the time that he learned that his appellate counsel failed to timely file his state appeal. Because his post-conviction motion was filed within one year of his appeal being dismissed, petitioner claims that his petition is timely.

Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). In the present case, it is simply easier and more judicially efficient to deny petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *See Jones v. Bowersox,* 28 Fed. Appx. 610, 611 (8th Cir. 2002). [1]

Petitioner contends that he was deprived the effective assistance of appellate

---

[1] While it is true that unpublished opinions carry no precedential weight, they often carry "persuasive weight." *United States v. Webber,* 208 F. 3d 545, 551, n. 3 (6th Cir. 2000). Moreover, "[T]he fact that West Group is now digesting and publishing, in its 'Federal Appendix' series, opinions not selected by the Court of Appeals for formal publication, certainly puts a new twist on just what constitutes an 'unpublished' opinion." *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 747, n. 1(E.D. Mich. 2005).

5

counsel, because appellate counsel failed to file a timely application for leave to appeal to the Michigan Court of Appeals, causing that court to dismiss petitioner's appeal pursuant to M.C.R. 7.205(F)(3) and (4).

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *See also Walker v. McKee,* 366 F. Supp. 2d 544, 548 (E.D. Mich. 2005). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the
Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. *Id.* In the context of an ineffective assistance of appellate counsel claim, the defendant must show that appellate counsel's errors were so serious that they deprived the petitioner of a fair appeal. *Walker,* 366 F. Supp. 2d at 548.

In the present case, respondent does not dispute that appellate counsel failed to file a timely application for leave to appeal or that such failure was deficient. This Court concludes that appellate counsel's failure to file a timely application for leave to appeal constituted deficient performance for the purposes of *Strickland. Walker,* 366 F. Supp. 2d at 548. The next question for this Court is whether petitioner was prejudiced by appellate

counsel's failure to do so.

If counsel fails to provide any assistance to a criminal defendant at a critical stage of his criminal proceedings, prejudice for purposes of ineffective assistance claim may be presumed if "the violation of right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Roe v. Flores-Ortega,* 528 U.S. 470, 484 (2000); *Walker,* 366 F. Supp. 2d at 548.

In *Walker,* this Court held that the presumption of prejudice did not attach to an appellate counsel's deficient performance in failing to file a timely appeal of right with the Michigan Court of Appeals, because petitioner was still able to pursue his direct appeal in the Michigan Court of Appeals by filing a delayed application for leave to appeal with the assistance of new counsel. *Id.* at 548. Although the petitioner in *Walker* was not allowed to file an appeal of right due to his first appellate counsel's deficient performance, he was able, through new appellate counsel, to file a delayed application for leave to appeal with the Michigan Court of Appeals. Therefore, his direct appeal could not be considered "entirely nonexistent." *Id.*

Likewise, in this case, appellate counsel's failure to file a timely appeal did not prevent petitioner from challenging his conviction in the Michigan courts, because petitioner was able to present his claims in his motion for post-conviction relief. *See Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000); *See also Johnson v. Warren,* 344 F. Supp. 2d 1081, 1096 (E.D. Mich. 2004)(counsel's failure to raise certain claims on appeal did not cause

petitioner any demonstrable harm because his claims were eventually considered and rejected on valid state grounds on post-conviction review by the same courts that would have heard his direct appeal).  The state courts' rulings on petitioner's motion for post-conviction relief granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to file a timely appeal did not cause him any injury. *Bair,* 106 F. Supp. 2d at 943 (citing *Gardner v. Ponte*, 817 F. 2d 183, 189 (1st Cir. 1987)).  Appellate counsel's failure to file a timely appeal did not cause petitioner any demonstrable harm because his claims were eventually considered and rejected on valid state grounds by the same courts on post-conviction review that would have heard his direct appeal. *Id.* (Citing *Hollin*, 710 F. 2d at 269 (Merritt, J., concurring)).  Although petitioner's case is potentially distinguishable from the above cases in that the habeas petitioners in these cases all had the assistance of counsel on post-conviction review, at least one court has held that a federal criminal defendant's *pro se* post-conviction motion to vacate sentence afforded the defendant an adequate opportunity to raise claims which had been lost by his attorney's failure to file a timely appeal, thus eliminating the need to reinstate the defendant's direct appeal. *See Singleton v. United States,* 789 F. Supp. 492, 508 (D. Puerto Rico, 1992).  In this case, there is no point in remanding this case to the state courts to reconsider a case that they have already adversely decided. *Gardner,* 817 F. 2d at 189.

Moreover, petitioner has failed to show the existence of any meritorious claims that would have entitled him to appellate relief.  Petitioner appears to claim that his trial counsel was ineffective for agreeing that his guidelines range under the Michigan Sentencing

Guidelines for solicitation to commit murder should have been scored at 9-20 years, based on petitioner receiving fifty points under Offense Variable 6 of the Michigan Sentencing Guidelines. Although petitioner did not move for his guilty plea to be vacated in the state courts, petitioner argues that his plea of guilty was induced by counsel's misinformation and ignorance regarding what petitioner believes would have been the proper sentencing guidelines range.

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no contest. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty or no contest, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F. Supp. 2d 474, 484 (E.D. Mich. 2004). A habeas petitioner's conclusory allegation that, but for an alleged attorney act or omission he or she would not

have pleaded guilty, is therefore insufficient to prove such a claim. *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005).

Petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading guilty. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002). In this case, petitioner does not indicate what defenses, if any, that he had to these charges. Because petitioner does not explain what viable defense that he had in this case, he has failed to show that counsel was ineffective in advising him to plead guilty. *See Shanks,* 387 F. Supp. 2d at 750.

Finally, with respect to petitioner's claim that his sentencing guidelines were incorrectly scored, the Court notes that the prosecutor and petitioner agreed that petitioner would receive a sentence of nine to twenty years. The trial court sentenced petitioner to nine to twenty years in prison. A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review. *See United States v. Livingston,* 1 F. 3d 723, 725 (8th Cir. 1993)(internal citations omitted); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002). This is also the law in Michigan. *See People v. Blount,* 197 Mich. App. 174, 175-76; 494 N.W. 2d 829 (1992). Because petitioner received the sentence that he bargained for in this case, he was not prejudiced by appellate counsel's failure to perfect this claim on appeal, nor would he be entitled to habeas relief on this claim.

### IV. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing § 2254 cases.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a MOTION for a COA within **THIRTY (30) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F. 3d 900, 903 (6th Cir. 2002)("*We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.*")(emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **TWENTY (20) DAYS** of service of Petitioner's motion for a COA.

DATED: November 18, 2005                              s/Paul V. Gadola
                                                      **HON. PAUL V. GADOLA**
                                                      **UNITED STATES DISTRICT COURT**

Certificate of Service

I hereby certify that on  November 18, 2005 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:              William C. Campbell                           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    Randy Ellis Drumm, #371747; Camp Kitwen, P.O. Box 7, M-26 South; Painesdale; MI 49555                                                                              .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845